THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| GERALD HATTEMER, ) | |
| ) | Civil Action No. |
|   Plaintiff, ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| GENTRY MACHINE WORKS, INC., ) | |
| ) | |
|   Defendant. ) | |
| _____ ) | |

## **FIRST COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Gerald Hattemer ("Plaintiff"), through undersigned counsel, and files this action against Defendant Gentry Machine Works, Inc. ("Defendant") and for his Complaint shows the following:

### I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs under the FLSA for Defendant's unlawful retaliation against him.

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant does business in and is engaged in commerce in the State of Georgia. Defendant is subject to specific jurisdiction in this Court over the claims asserted herein. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendants resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## III.   Parties and Facts

5.

Plaintiff was employed by Defendant from June 2011 to June 26, 2020.

6.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA.

7.

On June 26, 2020, Plaintiff was experiencing symptoms of COVID-19 and informed his supervisor of his symptoms.

8.

Plaintiff's supervisor responded to being informed of Plaintiff's symptoms by telling him he could not miss work.

9.

On June 26, 2020, Plaintiff went to urgent care and received a COVID-19 test. Plaintiff needed to self quarantine until he received his test results.

10.

Plaintiff received his test results on July 9, 2020.

11.

Rather than permit Plaintiff to return to work, Defendant terminated Plaintiff's employment.

12.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

13.

Defendant is a covered employer under the FLSA.

14.

Defendant is a covered employer under Emergency Paid Sick Leave Act ("EPSLA")

15.

Under the EPSLA, employers are prohibited from discharging, disciplining, or discriminating against any employee because the employee is unable to work because the employee is quarantined (pursuant to Federal, State, or local government order or advice of a health care provider), and/or experiencing COVID-19 symptoms and seeking a medical diagnosis.

16.

Defendants' termination of Plaintiff violated the EPSLA and FLSA.

17.

In terminating Plaintiff's employment and failing to provide Plaintiff with leave, Defendants violated the FLSA's minimum wage provisions.

18.

Any reason given for Plaintiff's termination is pretext for unlawful violations of the FLSA.

19.

As a result of Defendants' actions, Plaintiff has suffered damages, including lost wages and emotional distress.

20.

Plaintiff was a covered employee under the EPSLA and FLSA.

### Count I

### Violation of 29 U.S.C. § 215(a)(3)
(FLSA Retaliation)

21.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

22.

Under the EPSLA, employers are prohibited from discharging, disciplining, or discriminating against any employee because the employee is unable to work because the employee is quarantined pursuant to Federal, State, or local government order or advice of a health care provider. An employer who violates the EPSLA's prohibition on discharging such employees is deemed to have violated FLSA's anti-retaliation provisions set forth at Section 15(a)(3) of the

FLSA. With respect to such violations, the relevant enforcement provisions of sections 16 and 17 of the FLSA apply.

23.

Defendants terminated Plaintiff's employment because he sought leave to which he was entitled under the EPSLA and FLSA.

24.

Defendants' actions, policies and/or practices as described above violate the EPSLA and FLSA's anti-retaliation provisions.

25.

Defendants knew or showed reckless disregard for the fact their conduct violated the EPSLA and FLSA, and Defendants acted with malice or with reckless indifference to Plaintiff's federally protected rights.

26.

Defendants' violations of the EPSLA and FLSA were willful and in bad faith.

27.

Plaintiff engaged in statutorily protected activity under the EPSLA and FLSA.

28.

Plaintiff's statutorily protected activity was the determinative factor in Defendants' decision to terminate Plaintiff.

29.

As a direct and proximate result of the retaliation, Plaintiff has sustained damages, including lost wages and emotional distress, for which he is entitled to recover from Defendants.

30.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

**WHEREFORE**, Plaintiff judgment as follows:

(a)  Special damages and/or liquidated damages for unpaid and lost wages and benefits and prejudgment interest thereon;

(b)  Compensatory damages, including emotional distress damages solely as to Plaintiff's EPSLA/FLSA retaliation claim;

(c)  Reasonable attorney's fees and expenses of litigation;

(d)  Trial by jury as to all issues so triable;

(e)  Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) All equitable relief available under the FLSA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which he may be entitled.

This 22nd day of September, 2020.

                        **BARRETT & FARAHANY**

                        /s/ V. Severin Roberts
                        V. Severin Roberts
                        Georgia Bar No. 940504
                        Attorney for Plaintiff

1100 Peachtree Street NE
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
Severin@JusticeAtWork.com